| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CASE NO. 1:17-CR-38 |
| § | |
| SANTIAGO CANTU § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Santiago Cantu's ("Cantu") Unopposed Motion to Terminate Supervised Release (#31), wherein he seeks early termination of his three-year term of supervised release. Although his supervising probation officer in the Western District of Texas is unopposed to the motion, as is the Government, the United States Probation Office in the Eastern District of Texas ("Probation") submitted a report stating that it would not typically recommend termination under the circumstances of this case and that it will defer to the court on this matter. Having considered the motion, Probation's report, the Government's position, the record, and the applicable law, the court is of the opinion that Cantu's motion should be denied.

I.   Background

On April 5, 2017, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a two-count Indictment against Cantu. Count One of the Indictment charged Cantu with knowingly and intentionally distributing 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S. C. § 841(a)(1), and Count Two charged Cantu with knowingly and intentionally distributing a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S. C. § 841(a)(1). Pursuant to a non-binding plea agreement, Cantu pleaded guilty to Count Two on June 5, 2017. On November 8, 2017, the court sentenced Cantu to 50 months' imprisonment, followed by a three-year term of supervised

release. The court also ordered Cantu to pay a special assessment of $100.00. Cantu completed his term of imprisonment in October 2020 and began serving his term of supervised release, which is set to expire on October 13, 2023.

In his motion, Cantu asks the court to terminate his supervision at this time because he "has successfully complied with the terms and conditions of his supervised release," paid the entire $100.00 special assessment, "benefitted from the requirements placed upon him by [Probation]," and desires to "avoid the type of activity that placed him in prison." Cantu indicates that the termination of his supervision would "allow him greater freedom."

II.     Analysis

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in Section 3553(a),[1] "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Peters*, 856 F. App'x 230, 233 (11th Cir. 2021); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir.), *cert. denied*, 142 S. Ct. 82 (2021); *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); *United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018), *cert.*

---

[1] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

*denied*, 139 S. Ct. 1275 (2019). "Early termination of supervised release is not an entitlement." *United States v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021). Instead, the defendant bears the burden of demonstrating that early termination is warranted. *Id.*; *United States v. Luna*, No. 1:95-cr-05036-AWI, 2018 WL 10156108, at *1 (E.D. Cal. Mar. 12, 2018), *aff'd*, 747 F. App'x 561 (9th Cir. 2018). Early termination "is not warranted as a matter of course." *United States v. Morris*, No. 3:99-cr-264-17 (VAB), 2022 WL 3703201, at *3 (D. Conn. Aug. 26, 2022). "To the contrary, it is only 'occasionally' justified." *United States v. Shellef*, No. 03-CR-0723 (JFB), 2018 WL 3199249, at *1 (E.D.N.Y. Jan. 9, 2018) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

Although the Government and Probation do not oppose early termination, this fact, standing alone, is insufficient to justify granting Cantu's request for early termination. *See*, *e.g.*, *United States v. Boyd*, 606 F. App'x 953, 960 (11th Cir. 2015) ("Just as a federal prosecutor or probation officer cannot dictate a district court's sentence, they likewise do not call the shots concerning a court's decision whether to terminate early a term of supervised release. A criminal sentence is the court's sentence, not the prosecutor's and not the probation officer's."); *United States v. Lynn*, No. S90-00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022) (finding that although the Government and probation did not oppose early termination, that fact, standing alone, was insufficient to justify granting the defendant's request for early termination of supervised release); *United States v. Hartman*, No. 3:00-cr-228, 2013 WL 524257, at *1 (N.D. Tex. Jan. 18, 2013) (denying defendant's request for early termination of supervised release despite the Government's recommendation that it be granted), *adopted by* 2013 WL 540490 (N.D.

Tex. Feb. 13, 2013); *United States v. Grimaldi*, 482 F. Supp. 2d 248, 249 (D. Conn. 2007) (denying early termination even though the defendant's probation officer supported it).

District courts enjoy considerable discretion in determining when the interest of justice warrants early termination. *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); *Lynn*, 2022 WL 2446328, at *3; *see Melvin*, 978 F.3d at 52. Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required. *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination."); *Lynn*, 2022 WL 2446328, at *4 (although the defendant adhered to the conditions of his release, a balancing of the 18 U.S.C. § 3553(a) factors did not support early termination, noting that the defendant "engaged in constant serious criminal behavior when he was given chances before"); *United States v. Sandles*, No. 11-CR-204-PP, 2021 WL 3080995, at *3 (E.D. Wis. July 21, 2021) ("[C]ourts have held 'that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination.'" (quoting *United States v. O'Hara*, No. 00-cr-170, 2011 WL 4356322, *3 (E.D. Wis. Sept. 16, 2011))); *United States v. Berger*, No. CR 09-308, 2021 WL 2354517, at *5 (W.D. Pa. June 9, 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and paying restitution, however, is required behavior while serving a term of supervised release."); *United States v. Boudreaux*, No. 2:19-CR-00377-01, 2020 WL 7635708, at *1 (W.D. La. Dec. 22, 2020); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex.

Nov. 9, 2020) (finding that the conduct of the defendant did not warrant early termination of supervised release, as the defendant sought relief based on his circumstances and the alleged conduct of others) (citing 18 U.S.C. § 3583(e)(1)); *United States v. Guidry*, No. 3:19-CR-332-S, 2020 WL 908542, at *1 (N.D. Tex. Feb. 13, 2020), *adopted by* No. 3:19-CR-0332-S, 2020 WL 906303 (N.D. Tex. Feb. 25, 2020). As courts have observed, "if every defendant who complied with the terms of supervised release were entitled to early termination, 'the exception would swallow the rule.'" *United States v. Kassim*, No. 15 Cr. 554-3 (KPF), 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020) (citing *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)).

While the court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release, this does not mean that such circumstances are irrelevant to ruling on a motion under § 3583(e)(1). *United States v. Ferriero*, No. 13-0592 (ES), 2020 WL 6701469, at *2 (D.N.J. Nov. 13, 2020) (citing *Melvin*, 978 F.3d at 53); *accord United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). This is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, pursuant to 18 U.S.C. § 3553(a), it would be expected that something has changed that would justify an early end to a term of supervised release. *Melvin*, 978 F.3d at 53; *United States v. Jackson*, No. 11-55, 2022 WL 2789870, at *2 (W.D. Pa. July 15, 2022); *United States v. Santoro*, No. 21-76 (MAS), 2022 WL 37471, at *2 (D.N.J. Jan. 4, 2022); *Ferriero*, 2020 WL 6701469, at *2. In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such a termination. *Melvin*, 978 F.3d at 53; *United States v. McClamma*, 676 F. App'x 944, 947 (11th Cir. 2017) ("New or unforeseen circumstances can

justify a modification, but such circumstances are not necessary."); *Parisi*, 821 F.3d at 347 (recognizing that "changed circumstances may in some instances justify a modification" of a term of supervision). Nonetheless, "'generally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Melvin*, 978 F.3d at 53 (quoting *Davies*, 746 F. App'x at 89).

Here, the court finds that Cantu's post-release conduct does not warrant early termination of his supervised release. Although Cantu contends that he has been able to turn his life around and is now a productive member of society, he identifies no new or exceptional circumstances or needs. He committed his offense of conviction when he was 58 years old and had a significant criminal history prior to that time.

Cantu's offense of conviction involves the distribution of heroin at a local restaurant. On March 15, 2017, after a number of telephone conversations with and the transmission of photos of himself and the heroin to an undercover officer ("UC"), Cantu sold an ounce of heroin to the UC for $1,900.00. Cantu stated that the heroin was from Mexico. A laboratory analysis confirmed the substance sold to the UC was heroin, weighing 28.361 grams. In subsequent telephone conversations, Cantu agreed to sell the UC two ounces of black tar heroin for $3,800 and to "front" the UC another two or three ounces, with payment to be made later. On March 28, 2017, the UC and Cantu met again at the same location and conducted a second transaction in a similar manner. Cantu informed the UC that the heroin would need to be "cut," as it was "straight from Mexico." He told the UC a story about a subject who overdosed on his product because the subject "hit the drug straight." Once Cantu left the restaurant, he was arrested. A

laboratory report confirmed that the substance sold on the second occasion was heroin, weighing 125.1 grams. In total, Cantu was responsible for distributing 153.461 grams of heroin.

Cantu's extensive criminal history includes prior convictions for unauthorized use of a motor vehicle, conspiracy to possess and distribute marijuana, conspiracy to use a communication facility, unlawful use of a communication facility, interstate travel in aid of racketeering, and trafficking in drugs (heroin). Additionally, in 2005, a prior term of supervised release was revoked after Cantu was out of custody for only one month. Probation states that "his prior criminal history, including earlier federal crimes and revocation within a year of his release to supervision, suggests a heightened risk for recidivism." The court agrees. Thus, under these circumstances, Cantu would likely benefit from continued supervision. Indeed, Cantu concedes that he benefitted from the requirements of his term of supervision and claims that he is a better person because of the supervision department's help. He provides no cogent reason why this assistance should not continue, mentioning only a desire for "greater freedom."

Therefore, although Cantu appears to be on the right path, the court believes that completion of his full term of supervised release appropriately reflects the seriousness of his offense, deters future criminal conduct, and provides needed structure for his continued rehabilitation. *See Lynn*, 2022 WL 2446328, at *4 (holding that the serious nature of the defendant's crimes and his history and characteristics significantly outweighed his actions after his release from prison). The court, likewise, is of the opinion that Cantu's current sentence, including the three-year term of supervised release, was appropriate at the time of sentencing and remains so. *See United States v. Lewis*, No. 17-CR-28-FPG, 2021 WL 4519795, at *3

(W.D.N.Y. Oct. 4, 2021). Given the nature and circumstances of Cantu's offense of conviction and his prior criminal history, early termination would not be in the interest of justice.

III.   Conclusion

In accordance with the foregoing, Cantu's Unopposed Motion to Terminate Supervised Release (#31) is DENIED.

SIGNED at Beaumont, Texas, this 16th day of February, 2023.

_Marcia A. Crone_
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE